## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Eastern District | |
|---|---|---|
| Name (under which you were convicted):<br><br>Brent Black | | Docket or Case No.: |
| Place of Confinement :<br>Jefferson City Correctional Center | Prisoner No.:<br><br>1246514 | |
| Petitioner (include the name under which you were convicted)<br><br>Brent Black | v. | Respondent (authorized person having custody of petitioner)<br><br>Doris Falkenrath, Superintendent |
| The Attorney General of the State of: Missouri | | |

## PETITION

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:

    The 25th Judicial Circuit Court of Pulaski County, Missouri

    (b) Criminal docket or case number (if you know):   14PU-CR00196-01

2.    (a) Date of the judgment of conviction (if you know):  01/06/2016

    (b) Date of sentencing:   01/06/2016

3.    Length of sentence:  life (murder 2) 12 years (child abuse/neglect)

4.    In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes   ☐ No

5.    Identify all crimes of which you were convicted and sentenced in this case:

    Murder, second degree

    child abuse/neglect, first degree

6.    (a) What was your plea? (Check one)

        ☑ (1)   Not guilty     ☐ (3)   Nolo contendere (no contest)

        ☐ (2)   Guilty        ☐ (4)   Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury     ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes     ☐ No

8.    Did you appeal from the judgment of conviction?

☑ Yes     ☐ No

9.    If you did appeal, answer the following:

(a) Name of court:   Missouri Court of Appeals, Southern District

(b) Docket or case number (if you know):   SD34310

(c) Result:   affirmed and remanded with instruction

(d) Date of result (if you know):   08/10/2017

(e) Citation to the case (if you know):   524 S.W.3d 594

(f) Grounds raised:

1) Trial court erred by admitting Dr. Atzemis' testimony

2) Trial court erred by giving "hammer" instructions to the jury

3) Error in the written judgment

_____

_____

_____

(g) Did you seek further review by a higher state court?     ☐ Yes     ☑ No

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☑ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:  Circuit Court of Pulaski County

(2) Docket or case number (if you know):  17PU-CV01595

(3) Date of filing (if you know):  10/13/2017

(4) Nature of the proceeding:  29.15

(5) Grounds raised:

1) Ineffective assistance of counsel in failing to get evidence of physical abuse by Arthur Burlison

2) Ineffective assistance of counsel in failing to adequately cross examine Ruby Gibbs

3) Ineffective assistance of counsel in failing to file timely motion for new trial

4) Ineffective assistance of counsel for failing to make timely Frye hearing

5) Ineffective assistance of counsel in failing to object about baby wipe

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes  ☐ No

(7) Result:  Denied

(8) Date of result (if you know):     05/30/2019

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:     Missouri Court of Appeals, Southern District

(2) Docket or case number (if you know):     SD36195

(3) Date of filing (if you know):     07/08/2019

(4) Nature of the proceeding:     29.15 appeal

(5) Grounds raised:     Whether counsel was ineffective and whether the motion court clearly
erred in denying post-conviction relief.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☑ No

(7) Result:     Affirmed

(8) Date of result (if you know):     12/04/2020

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☐ Yes   ☐ No

(2) Second petition:   ☐ Yes   ☐ No

(3) Third petition:   ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**   See attached sheets.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why:

_____

_____

_____

_____

_____

(c)     **Direct Appeal of Ground One:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?    ❏ Yes    ❏ No

        (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ❏ Yes    ❏ No

        (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition:

        Name and location of the court where the motion or petition was filed: _____

_____

        Docket or case number (if you know): _____

        Date of the court's decision: _____

        Result (attach a copy of the court's opinion or order, if available): _____

_____

        (3) Did you receive a hearing on your motion or petition?    ❏ Yes    ❏ No

        (4) Did you appeal from the denial of your motion or petition?    ❏ Yes    ❏ No

        (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❏ Yes    ❏ No

        (6) If your answer to Question (d)(4) is "Yes," state:

        Name and location of the court where the appeal was filed: _____

_____

        Docket or case number (if you know): _____

        Date of the court's decision: _____

        Result (attach a copy of the court's opinion or order, if available): _____

_____

        (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

_____

**GROUND TWO:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

(c)     **Direct Appeal of Ground Two:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?     ❑  Yes     ❑  No

        (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

        _____

(d)     **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ❑  Yes     ❑  No

        (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: _____

        Name and location of the court where the motion or petition was filed: _____

        _____

        Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : _____

_____

_____

_____

**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c)  **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)  **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

      ☐ Yes  ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

    (3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

    (4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ❏  Yes        ❏  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏  Yes      ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ❏ Yes   ❏ No

(4) Did you appeal from the denial of your motion or petition?    ❏ Yes   ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❏ Yes   ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☐ Yes ☑ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: Claim 1- ineffective assistance of 29.15 counsel

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

    Claim 1-- ineffective assistance of 29.15 counsel

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:   public defender

(b) At arraignment and plea:   public defender

(c) At trial:   Matthew Crowell and Neil Barron

901 W. Pine St., Suite 200, Rolla, Missouri 65401

(d) At sentencing:   Matthew Crowell

901 W. Pine St., Suite 200, Rolla, Missouri 65401

(e) On appeal:   Ellen Flottman

Woodrail Center, 1000 W. Nifong, Bldg. 7, Suite 100, Columbia, Missouri 65203

(f) In any post-conviction proceeding:   Jessica Hathaway

120 S. Central Ave, Suite 130, St. Louis, Missouri 63105

(g) On appeal from any ruling against you in a post-conviction proceeding:   Jessica Hathaway

120 S. Central Ave, Suite 130, St. Louis, Missouri 63105

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        ☐ Yes   ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?        ☐ Yes   ☐ No

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

N/A

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

      (1)      A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

            (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

            (B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

            (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

            (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:    Reverse state court convictions and remand for a

new trial.

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

12.                          **Claims for Relief**

Claim 1--My convictions were secured in violation of the Sixth and Fourteenth Amendments to the United States Constitution because my trial attorney was ineffective in failing to request and submit a jury instruction for the lesser included offense of involuntary manslaughter in the first degree. Since my defense at trial was that the victim's injuries were caused by accident, the jury was given an all or nothing choice of either convicting me of second degree (felony) murder or outright acquittal. If the jury had been given a third option of convicting me of manslaughter based upon the belief that I acted recklessly, there is a reasonable likelihood I would have been acquitted of murder and would have received a much more lenient sentence. A reasonably competent trial lawyer would have submitted this instruction and, had my lawyer done so, there is a reasonable probability I would have been acquitted of murder and convicted of involuntary manslaughter. Further evidence of prejudice is the fact that the jury, during deliberations, asked the judge whether they could consider a lesser offense because they were deadlocked.

Claim 2--My trial counsel was ineffective in failing to investigate and present available evidence that the victim was physically abused by her natural father. A reasonably competent attorney would have investigated and presented this available evidence. Although prior acts of abuse would not have a direct bearing on what happened the evening the child died, it would have given an innocent explanation regarding other injuries that the child suffered and would negate any inference that this child was subjected to numerous acts of abuse when he was in the care and custody of myself and his natural mother. Had counsel presented this evidence, there is a reasonable probability I would have been acquitted of murder and the underlying felony of child abuse.

Claim 3--My trial counsel was ineffective in failing to impeach the child's mother during cross-examination with evidence that the story she told to police was inconsistent with the physical evidence. A reasonably competent attorney would have presented this evidence during cross-examination. Had counsel done so, there is a reasonable probability I would have been acquitted.

Claim 4--My trial counsel was ineffective in failing to object to Dr. Case's expert testimony regarding child dexterity. She testified that a child of the age of the victim was incapable of placing a baby wipe in her mouth in such a manner as to cause suffocation. A reasonably competent attorney would have objected to this testimony based on a lack of scientific validity and that such testimony was not deemed sufficiently reliable in the medical community. Had counsel objected and had this evidence been excluded, there is a reasonable probability I would have been acquitted.

Claim 5--I was denied due process by the trial court's decision, over my trial attorney's objection, to submit a "hammer" instruction to the jury. The jury had only deliberated a few hours when the jury informed the court that they were deadlocked on the question of my guilt or innocence. This instruction was inherently coercive and undoubtedly convinced jurors who were

1

holding out for a not guilty verdict to find me guilty. Had this instruction not been given, there is a reasonable probability I would not have been convicted.

2